IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PARLANT TECHNOLOGY, a Utah Corporation,<br><br>              Plaintiff,<br>v.<br><br>THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, a New York Corporation,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER TAKING UNDER ADVISEMENT DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE  or in the ALTERNATIVE MOTION TO CHANGE VENUE<br><br>AND<br><br>GRANTING MOTION TO COMPEL LIMITED DISCOVERY<br><br>Case No. 2:12-cv-417-BCW<br><br>Magistrate Judge Brooke Wells |

The parties have consented to having United States Magistrate Judge Brooke C. Wells conduct all proceedings in this case, including the entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  Currently before the Court are the following motions: (1) Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative Motion to Change Venue to the Southern District of New York[2]; and (2) Plaintiff's Alternative Motion to Compel Limited Discovery.[3]

The Court held oral argument on these motions on February 1, 2013.[4]  The Plaintiff, Parlant Technology, Inc. ("Parlant") was represented by Mark Bettilyon and S. Brandon Owen of the law firm Ray, Quinney & Nebeker.  The Defendant, the Board of Education of the City

---

[1] See docket no. 25; 28 U.S.C. § 636(c) and Rule 73 F. R. Civ. P; DUCivR 72-2(g).

[2] Docket no. 10.

[3] Docket no. 22.

[4] Docket no. 38.

School District of the City of New York ("NYCDOE") was represented by pro hac vice counsel Gerald E. Singleton of the Office of Corporation Counsel, New York City Law Department and by local counsel Jeffrey J. Hunt of the law firm Parr Brown Gee & Loveless.  At the conclusion of oral argument, the Court took the motions under advisement.[5]  After consideration of the parties' arguments, briefs and relevant legal authority, the Court issues the following Memorandum Decision and Order.

## BACKGROUND

The facts of this case center around a trademark named "ParentLink."  Parlant, a Utah-based company and the owner of the ParentLink trademark, provides products and services to schools and school districts.  Specifically, Parlant's primary products provide parent notification and school-to-home communication services, including tools for communication between schools and parents regarding grades, attendance, registration and other student data.  In 2002, Parlant received a trademark protection for ParentLink from the United States Patent and Trademark office.  Parlant uses the ParentLink trademark in connection with its products and services.

In 2006, Parlant contacted the NYCDOE regarding its ParentLink services.  The NYCDOE is the largest system of public schools in the United States, serving approximately 1.1 million students in over 1,700 schools.[6]  According to Parlant's business records[7], between 2006 and 2009, employees and agents of Parlant had numerous telephone discussions, in-person meetings and exchanged letters and emails with information about ParentLink with employees

---

[5] Docket no. 38.

[6] Docket no. 23.

[7] Many of the communications with the NYCDOE are documented in Parlant's internal database, which according to Parlant was "maintained over the years and which Parlant uses to track selling efforts with customers and various potential customers..." See docket no. 19.

and agents of the NYCDOE.  As a result of these communications and meetings, the NYCDOE agreed to do a pilot project using ParentLink and entered Parlant as a vendor in its vendor database.  Ultimately, however, the NYCDOE decided not to move forward with a business relationship with Parlant and instead in 2009 developed its own student notification system which it titled "ARIS Parentlink."

After unsuccessfully attempting to get the NYCDOE to cease its use of the "Parentlink" trademark, Parlant filed this action, alleging claims for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); common law trademark infringement; and unfair competition under Utah and common law.[8]  Thereafter, the NYCDOE filed a Motion to Dismiss for lack of personal jurisdiction and improper venue or in the alternative to transfer venue to the Southern District of New York.[9]  The NYCDOE alleges that it does not have any contacts with Utah that are sufficient in order to sustain an exercise of personal jurisdiction that is consistent with due process. Specifically, the NYCDOE does not have any offices, schools, facilities, students, teachers, administrative staff or other employees in the State of Utah nor does it lease or control any property in Utah.  The NYCDOE does maintain a website and has produced other interactive tools such as email and text message alerts relating to its ARIS Parentlink system that may be accessed in Utah.  However, the NYCDOE argues that its maintenance of this passive, informational, non-commercial website created and housed in New York is not a proper basis for jurisdiction in this Court.  Furthermore, NYCDOE contends that the court lacks specific jurisdiction over it because the it has not purposefully availed itself to the benefits and protections of the State of Utah.

---

[8] See Compl., Docket no. 1.

[9] Docket no. 10.

Parlant, in response to the NYCDOE's Motion to Dismiss argues that this Court has specific jurisdiction over the NYCDOE because the NYCDOE had extensive contacts and communications with the State of Utah by communicating with Parlant employees about Parentlink and by entering Parlant into its vendor system. Further, Parlant argues that the NYCDOE purposely directed its activities toward Parlant and the State of Utah by creating a system using the Parentlink mark which is registered to a company in Utah. Further, according to Parlant, the NYCDOE's knowledge of the Parentlink trademark and then use of that trademark evidences the NYCDOE's intention that that "burnt of the injury" be felt in Utah.

Additional facts asserted by Parlant for jurisdiction in Utah are NYCDOE's hiring of a Utah consultant, the ability of text messages to be sent to Utahns relating to the ARIS Parentlink service, the ability of a web user to sign up for email updates from the NYCDOE in Utah, the solicitation of donations from Utahns on the NYCDOE's public website and the NYCDOE's encouragement of web users from Utah to submit messages to its Chancellor.

Lastly, through its Alternative Motion to Compel Limited Discovery, Parlant seeks additional information as to whether personal jurisdiction over the NYCDOE is proper in Utah. Specifically, Parlant seeks leave to obtain discovery concerning NYCDOE's contacts with the State of Utah, including access to its website made from Utah or other states, contracts and other business relationships it has with entities and people in Utah. Also, Parlant seeks discovery concerning those individuals from the NYCDOE with whom Parlant met in New York City, documents concerning why NYCDOE did not do business with Parlant and a 30(b)(6) deposition. According to Parlant, this discovery will confirm that the NYCDOE has sufficient minimum contacts for specific jurisdiction in Utah and perhaps reveal that the NYCDOE has enough contacts with Utah for general jurisdiction. For its part, the NYCDOE contends that the

discovery requested by Parlant is irrelevant to both the jurisdictional inquiry and Parlant's trademark claims and amounts to an improper "fishing" expedition.

## ANALYSIS

In order "to obtain personal jurisdiction over a nonresident defendant…a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment."[10]  In the preliminary stages of litigation, the plaintiff's burden is only to establish a prima facie case that jurisdiction exists and all factual disputes are resolved in favor of the plaintiffs with regard to jurisdiction.[11]

Furthermore, there are two ways a State may assert jurisdiction over a non-resident defendant.  First, the forum state's courts may exercise "general jurisdiction" over a defendant "if the defendant has 'continuous and systematic general business contacts' with the forum state.[12]  Second, if general jurisdiction is not found, then the court may exercise "specific jurisdiction" over a defendant only if that defendant has 'purposely directed' its activities at the state's residents, and the plaintiff's claim arises out of or results from actions by the defendant himself that create a substantial connection with the forum state."[13]

In Utah, "the evaluation of specific jurisdiction…mandates a three-part inquiry: '(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute: (2) a 'nexus'

---

[10] Gynberg v. Ivanhoe Energy, Inc., No. 10-361, 2012 WL 2855777 at *3(10th Cir. July 12, 2012) (quoting Far w. Capital, Inc. v. Towne, 46 F.3d 1071, 1074 (10th Cir. 1995); Shrader v. Biddinger, 633 F.3d 1235, 1239 (10th Cir. 2011)).

[11] Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1067 (10th Cir. 2008); Electronic Realty Assocs. v. Vaughan Real Estate, Inc., 897 F.Supp. 521, 522 (D. Kan. 1995).  Marine Life Sics., Inc. v. Unique Sea Farms, Ltd., No. 2:09-cv-914, 2010 WL 1064462 at *1 (D. Utah Mar. 19, 2010).

[12] OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998); Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-416 (1984).

[13] Burger King v. Rudzewicz, 471 U.S. 462, 472-473 (1985).

must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process.'"[14] The Utah legislature has declared that the long arm-statute be interpreted broadly so as "to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution."[15] Thus, under the Fourteenth Amendment, defendants must have "minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice."[16]

The minimum contacts necessary for specific jurisdiction are established "if the defendant has 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[17] Further, "[t]he pertinent inquiry in personal jurisdiction analysis is whether defendant, by its own actions, has purposefully availed itself of the privilege of conducting business in this jurisdiction so that it should reasonabl[y] anticipate being haled into this forum."[18]

In the 10th Circuit, in a torts context, one way to determine whether a defendant's conduct was purposefully directed at the forum state is through the "effects test."[19] Under the "effects test" purposeful direction will be established if three elements are satisfied:  the

---

[14] Nat'l Petroleum Mkt'g, Inc. v. Phoenix Fuel Co., 902 F.Supp. 1459, 1465 (D. Utah 1995).

[15] SII MegaDiamond, Inc., v. American Superabrasives Corp., 969 P.2d 430, 433 (Utah 1998)(the Utah Supreme Court "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will satisfy the long arm statute.")(internal citation omitted).

[16] See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

[17] OMI Holdings, Inc., at 1091 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)); see also Rainy Day Books v. Rainy Day Book & Café, LLC, 186 F.Supp.2d 1158, 1162 (D. Kan. 2002)("[i]n order to exercise specific jurisdiction, there must be 'some act by which the defendant purposefully availed itself of the privilege of conducting business in the forum state, thus invoking the benefits and protections of its laws.")(citing Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

[18] Rainy Day Books, at 1165.

[19] Calder v. Jones, 465 U.S. 783 (1984).

defendant (1) commits an intentional action; (2) that is expressly aimed at the forum state; (3) with knowledge that the brunt of the injury would be felt in the forum state.[20]

Here, Parlant has suggested some bases for specific personal jurisdiction in its briefing and has suggested through its Alternative Motion for Discovery that additional information may help determine whether the court may exercise general jurisdiction.  Parlant has also suggests that the "effects" test has been satisfied by the NYCDOE's apparent intentional use of the ParentLink trademark with knowledge that that such a mark is owned by a Utah company.   On the other hand, the NYCDOE has presented at least some evidence that may negate jurisdiction in this Court.   However, out of an abundance of caution, the Court is not completely satisfied that it has all of the information needed to make a reasoned decision with regard to jurisdiction at this time.  Thus, the Court will permit some very limited discovery on the personal jurisdiction before it issues a ruling on the Motion to Dismiss.[21]  Plaintiff's discovery, however, must be narrowly tailored and reasonable in light of the issues to be addressed.   In particular, Parlant is to be mindful of the burden it places on the NYCDOE in requesting discovery and should attempt to be as economical as possible in its discovery requests.  However, issues that should be explored through this limited discovery are: other relevant contacts with the State of Utah that NYCDOE may have (including contracts and other business relationships it has with entities and people in Utah) and a focus on the elements of the "effects test."[22]

---

[20] See Dudnikov at 1072.

[21] Because the Court is allowing additional discovery into the "minimum contacts" prong of specific jurisdiction, the Court will not address at this time whether jurisdiction over the NYCDOE offends "traditional notions of fair play and substantial justice."   In addition, the Court will not discuss the NYCDOE's Motion to Transfer Venue at this time.

[22] Dudnikov, at 1070;

**CONCLUSION & ORDER**

For the foregoing reasons, the Court HEREBY:

(1) **GRANTS** the Plaintiff's Alternative Motion to Compel Limited Discovery.[23]

(2) **TAKES UNDER ADVISEMENT** Defendant's Motion to Dismiss for Lack of Jurisdiction and Venue, or in the Alternative Transfer Venue until such time that limited jurisdictional discovery and additional briefs are submitted to the Court.[24]

Accordingly, IT IS HEREBY ORDERED that further discovery regarding personal jurisdiction will be permitted.  However, such discovery is **strictly limited to issues pertaining to personal jurisdiction over Defendant** and as further illustrated above**.**   Defendant shall not be deemed to have waived any defenses by engaging in such discovery or by cooperating with this discovery.  To that end, the Defendant is expected to be fully cooperative in the jurisdictional discovery efforts.

**All jurisdictional discovery is to be completed within forty-five (45) days from the issuance of this Order**.  During that time, Plaintiff may propound no more than 15 interrogatories and 15 requests for production of documents, and it may conduct no more than three (3) depositions.   However, the Court will allow for only one (1) Rule 30(b)(6) deposition.  Upon completion of the limited jurisdictional discovery, the Court will allow each party to submit a brief addressing the fruits of this discovery and to better inform the Court on the Motion to Dismiss/Motion to Transfer Proceedings still pending before the Court.  **These supplemental briefs are due within fourteen (14) days from the completion of limited jurisdictional discovery and are limited to ten (10) pages.**

---

[23] Docket no. 22.

[24] Docket no. 10.

**IT IS SO ORDERED.**

        DATED this 8th day of April, 2013.

        _____
        Brooke C. Wells
        United States Magistrate Judge